UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD JEFFERY, | 1:06-cv-00752-OWW-SMS PC |
| Plaintiff, | ORDER DENYING MOTION FOR EXTENSION OF TIME AND FOR APPOINTMENT OF COUNSEL (Docs. 16 and 19) |
| v. | |
| M. T. A. BENNGE, et al., | (Doc. 16) |
| Defendants. | ORDER STRIKING MOTION TO PROCEED IN FORMA PAUPERIS (Doc. 18) |

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On February 23, 2007, the court dismissed plaintiff's complaint, with leave to amend. On March 19, 2007, plaintiff filed a motion seeking an extension of time, and on April 2, 2007, plaintiff filed a motion seeking the appointment of counsel and a motion seeking leave to proceed in forma pauperis.

Plaintiff's motion for an extension of time does not specify what plaintiff is seeking an extension of time to do. As such, it cannot be granted. Presuming based solely on the docket that plaintiff was seeking an extension of time to file an amended complaint in compliance with the court's order of February 23, 2007, plaintiff filed an amended complaint on April 2, 2007, and it will be screened by the court in due course. Accordingly, plaintiff need not file another motion for an extension of time. Plaintiff is placed on notice by this order that he must identify in motions seeking an extension of time what the extension is for (e.g., to file an amended complaint in compliance with the court's order).

Plaintiff also seeks the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims.[1] Id. Therefore, plaintiff's motion for the appointment of counsel shall be denied.

Finally, plaintiff seeks leave to proceed in forma pauperis. The court granted plaintiff leave to proceed in forma pauperis on October 10, 2006. It is unnecessary for plaintiff to file any further motions seeking leave to proceed in forma pauperis in this action. Plaintiff's motion shall be stricken.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time, filed March 19, 2007, is DENIED on the ground that it does not specify what the extension is for;

---

[1] Plaintiff's complaint was dismissed for failure to state a claim upon which relief may be granted under section 1983. The court has not yet screened plaintiff's amended complaint to determine whether it contains any cognizable claims for relief. 28 U.S.C. § 1915A. The court has many civil cases pending before it and will screen plaintiff's amended complaint in due course.

2.     Plaintiff's motion for the appointment of counsel, filed April 2, 2007, is DENIED; and

3.     Plaintiff's motion for leave to proceed in forma pauperis, filed April 2, 2007, is STRICKEN.

IT IS SO ORDERED.

**Dated:   April 13, 2007**            **/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE