# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD JEFFERY, | CASE NO. 1:06-cv-00752-OWW-SMS PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE A SECOND AMENDED COMPLAINT OR NOTIFY THE COURT OF HIS WILLINGNESS TO PROCEED ONLY AGAINST DEFENDANTS CATU AND KNIGHT ON HIS EXCESSIVE FORCE CLAIM |
| v. | |
| M. T. A. BENNGE, et al., | |
| Defendants. | (Doc. 17) |

I.  Screening Order

    A.  Screening Requirement

Plaintiff Donald Jeffery ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 15, 2006. On February 23, 2007, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983. Plaintiff filed an amended complaint on April 2, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.     Plaintiff's Claims

Plaintiff is an inmate housed at Salinas Valley State Prison in Soledad. The events at issue in this action allegedly occurred at the California Substance Abuse Treatment Facility and State Prison in Corcoran. The defendants named in this action are Medical Technical Assistants Bennge and M. Shaw, Sergeant J. Martinez, and Correctional Officers R. Catu,[1] S. Knight, and Coffee.

///

---

[1] Identified as Cantu in the original complaint.

Plaintiff is seeking money damages. The claims in this action arise from the alleged denial of mental health care services and the alleged use of excessive force physical force.

### 1. Denial of Mental Health Care

Plaintiff alleges that defendants Bennge, Shaw, and Martinez intentionally denied him emergency mental health care services on December 4, 2003, when he was having suicidal thoughts. The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.) "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff's claim involves his mental health care and therefore falls within the purview of the Eighth Amendment. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain."

1  Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does
2  not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the
3  prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted
4  with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004)
5  (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official
6  does not act in a deliberately indifferent manner unless the official "knows of and disregards an
7  excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate
8  indifference may be manifested "when prison officials deny, delay or intentionally interfere with
9  medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin
10 v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v.
11 Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in
12 receiving medical treatment, the delay must have led to further harm in order for the prisoner to
13 make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060
14 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

15       In order to proceed under section 1983 against defendants for acting with deliberate
16 indifference in violation of the Eighth Amendment, plaintiff's factual allegations must be sufficient
17 to support a claim that defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's]
18 health . . . ." Farmer, 511 U.S. at 837. Further, in a situation such as that alleged by plaintiff, there
19 must be some allegation that further harm resulted from the denial of mental health care services on
20 December 4, 2003. Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.
21 1985). The failure to provide treatment to a suicidal inmate may be sufficient to support a claim for
22 violation of the Eighth Amendment. Plaintiff has sufficiently alleged that he placed defendants
23 Bennge, Shaw, and Martinez on notice that he was suicidal and they refused to provide him with any
24 assistance. However, plaintiff has not alleged any facts supporting a claim that as a result on
25 defendants' failure to act, he suffered any further harm. As a result, plaintiff fails to state a claim
26 for violation of the Eighth Amendment.
27 ///
28 ///

      2.     Excessive Force

Plaintiff alleges that on December 4, 2003, defendants Catu and Knight used excessive force against him while he was restrained, and he suffered injuries as a result. "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff's allegation that defendants slammed him face first into the ground without provocation, and one tooth was knocked loose and another tooth was chipped as a result is sufficient to give rise to an excessive force claim against defendants Catu and Knight. However, defendant Coffee's involvement was limited to confiscating plaintiff's bloody clothes after the incident.

5

1  Neither the allegation that defendant Coffee took plaintiff's clothes nor the allegation that defendant
2  Coffee obtained the clothes only by threatening to bring other officers and take them by force if
3  plaintiff did not turn them over gives rise to a claim for relief under section 1983. Gaut v. Sunn, 810
4  F.2d 923, 925 (9th Cir. 1987). Defendant Coffee's actions simply do not rise to the level of a
5  constitutional violation.

6       C.    Conclusion

7  Plaintiff's amended complaint states a cognizable claim for relief under section 1983 against
8  defendants Catu and Wright for use of excessive physical force, in violation of the Eighth
9  Amendment. However, plaintiff's complaint does not state any claims under section 1983 against
10 defendants Bennge, Shaw, Martinez, or Coffee. The court will provide plaintiff with one final
11 opportunity to file a second amended complaint, if plaintiff wishes to do so.

12 If plaintiff does not wish to file a second amended complaint and is agreeable to proceeding
13 only against defendants Catu and Wright for use of excessive physical force, plaintiff may so notify
14 the court in writing, and the court will issue a Findings and Recommendations recommending that
15 the remaining defendants and claims be dismissed from this action, and will forward plaintiff two
16 summonses and two USM-285 forms for completion and return.[2] Upon receipt of the forms, the
17 court will direct the United States Marshal to initiate service of process.

18 In the event that plaintiff does wish to file a second amended complaint, plaintiff is advised
19 that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d
20 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be
21 "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.
22 Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged
23 in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers &
24 Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.
25 ///
26
27
28     [2] **Defendant Catu was identified as defendant Cantu in the original complaint. Plaintiff is responsible for properly identifying this defendant in the summons and USM-285 form so that service of process may be effected by the Marshal.**

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the court in this order, or
   b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendants Catu and Wright on his Eighth Amendment excessive force claim; and
3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   August 13, 2007**              /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE