# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD JEFFERY,<br><br>    Plaintiff,<br><br>    v.<br><br>M. T. A. BENNGE, et al.,<br><br>    Defendants. | CASE NO. 1:06-cv-00752-OWW-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION PROCEED ON EXCESSIVE FORCE CLAIM AGAINST WRIGHT AND CANTU, AND ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 26)<br><br>OBJECTION DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Third Amended Complaint**

**I.**     **Procedural History**

    Plaintiff Donald Jeffery ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 15, 2006. On February 23, 2007, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983. Plaintiff filed an amended complaint on April 2, 2007, and on August 13, 2007, the Court issued an order finding that the amended complaint stated only a cognizable excessive force claim. Plaintiff was ordered to either file a second amended complaint or notify the Court of his willingness to proceed on the claim found to be cognizable. Plaintiff filed a second amended complaint on September 17, 2007.

///

///

1      On March 3, 2008, Plaintiff filed a motion seeking leave to consolidate case number 1:07-cv-01538-LJO-WMW <u>Jeffery v. Adams, et al.</u> with this case, and Plaintiff filed a third amended complaint on March 25, 2008. Plaintiff's motion for consolidation was granted, and the Court now screens the third amended complaint.

## II.    Screening Requirement

     The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

     "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## III.    Summary of Plaintiff's Allegations

     The events at issue in this action occurred at the California Substance Abuse Treatment Facility, where Plaintiff was housed at the time. Plaintiff is seeking money damages and an injunction based on the violation of his rights under the United States Constitution.

///

1  Plaintiff is mentally ill and a participant in the Correctional Clinical Case Management
2  System level of care.  On December 4, 2003, Plaintiff went to the medical clinic to alert staff that
3  he was suicidal.  Defendant Edger, a medical technical assistant, slammed the office window from
4  where pills are dispensed shut in Plaintiff's face.[1]  Plaintiff then tried to seek assistance from
5  Defendant Martinez, who sent him back to the medical clinic.  Defendants Edger and Shaw again
6  shut the window in Plaintiff's face, denying him access to a psychiatrist.

7  Defendants Knight and Cantu were directed by their supervisor, Defendant Martinez, to
8  escort Plaintiff back to his cell.  Upon reaching the cell, Defendants Knight and Cantu slammed
9  Plaintiff into the concrete, busting his lip open and knocking his tooth loose.

10 Plaintiff alleges that Defendants Knight and Cantu thereafter "conspired" with Defendants
11 Martinez, Hill, Prud'homme, Beeler, Rivera, and Adams to cover up the incident by issuing a
12 Serious Rules Violation Report (CDC-115) against Plaintiff.  (Doc. 26, 3rd Amend. Comp., court
13 record pg. 7, ln. 22.)  Plaintiff was found guilty of the rules violation and assessed a credit forfeiture
14 of one-hundred fifty days.

15 Plaintiff filed a citizen's complaint, which was treated as a staff complaint, against
16 Defendants Edger, Shaw, Cantu, and Knight, and an appeal grieving the rules violation report.
17 Plaintiff alleges that appeal was "illegally" screened out by Defendants Grannis, Aguilera-Marrero,
18 and Hall in order to thwart, delay, and prevent exhaustion.  Plaintiff thereafter filed a petition for writ
19 of habeas corpus.  Plaintiff alleges that problems still exist and his credits have not been restored.

20 Plaintiff alleges that on February 14, 2004, Defendant Beeler, as supervisor over the staff
21 named in the citizen's complaint, falsified his response to cover up the misconduct of Defendants
22 Edger, Shaw, Cantu, and Knight.  Plaintiff alleges that Defendant Adams prepared his own false
23 statement in support of Defendant Beeler's statement.
24 ///
25 ///
26
27  [1] Bennge and Edger are identified in some documents as separate individuals.  Plaintiff clarifies in his third amended complaint that Bennge Edger is one defendant.  (3rd Amend. Comp., court record pg. 6, lns. 17-18.)  Based on this clarification, the Court will disregard any instances in the third amended complaint in which it appears
28 Bennge and Edger are separate individuals.  (E.g., id., court record pg. 8, ln. 9.)

3

IV.     **Plaintiff's Claims**

   A.     **Denial of Access to Mental Health Care**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).

Plaintiff's allegations that Defendants Edger and Shaw slammed the medical clinic window in his face, and that Defendant Martinez sent him back to the medical clinic when he asked for help fall short of stating a claim for violation of the Eighth Amendment.  Plaintiff was previously advised that a delay in obtaining treatment must result in further harm in order for the protections of the Eighth Amendment to be implicated.  McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).  However, Plaintiff did not cure the deficiency.  Plaintiff's allegations do not support a claim that Defendants Edger, Shaw, and Martinez "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health or safety," Farmer, 511 U.S. at 837, and that Plaintiff suffered further harm as a result of the delay in treatment caused by their actions.  The Court recommends dismissal of this claim, with prejudice.

   B.     **Excessive Force**

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks

4

and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

Plaintiff's allegations give rise to a claim for relief against Defendants Knight and Cantu for use of excessive force. Fed. R. Civ. P. 8(a). However, "there is no pure *respondeat superior* liability under § 1983, [and] a supervisor [may only be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" Hydrick v. Hunter, 500 F.3d 987, 988 (9th Cir. 2007) (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)). Plaintiff may not impose liability against Defendant Martinez because he was Knight and Cantu's supervisor and had them escort Plaintiff back to his cell. There are no facts alleged indicating that Defendant Martinez was directly involved in the use of force, directed Knight and Cantu to use force, or knew that they were going to use force. Plaintiff's supervisory liability claim against Defendant Martinez fails as a matter of law and the Court recommends it be dismissed, with prejudice.

### C.  Eighth Amendment Claim Arising From Issuance of Rules Violation Report

Plaintiff alleges that the issuance of the Rules Violation Report against him by Defendants Edger, Shaw, Martinez, Hill, Prud'homme, Rivera, and Beeler constituted cruel and unusual punishment in violation of the Eighth Amendment. (3rd Amend. Comp., ¶38.) "Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (quotations and citations omitted). The decision to charge Plaintiff with the rules violation of battery

5

on a peace officer, and the accompanying disciplinary proceedings, do not provide a basis upon which to impose liability for violation of the Eighth Amendment. This claim fails as a matter of law and the Court recommends dismissal with prejudice.

Although Plaintiff does not have a viable Eighth Amendment claim based upon the issuance of the rules violation and the attendant disciplinary proceedings, any such claim would be barred in any event by the habeas exception. Plaintiff lost time credits and the credits have not been restored. Therefore, any challenge to the rules violation report and the disciplinary proceedings is barred under section 1983 until such time as the credits are restored. Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005).

### D.  Other Claims Arising From Inmate Appeals Process

The remaining claims arise from or are intertwined with Plaintiff's use to the inmate appeals process. There are two inmate appeals at issue. The first one was filed on December 15, 2003, and concerned the incident in which the medical office window was slammed in Plaintiff's face and the use of force against Plaintiff. (3rd Amend. Comp., Ex. A.) The second appeal was filed on October 14, 2004, and concerned the disciplinary hearing at which Plaintiff was found guilty and assessed the credit forfeiture. (Id., Ex. B.)

Plaintiff's allegations concerning his claims against Defendants Beeler and Adams are vague. (Doc. 26, ¶¶34, 35.) However, review of Plaintiff's exhibits establishes that they were involved in addressing Plaintiff's appeal against Defendants Edger, Shaw, Wright, and Cantu for slamming the medical clinic window in Plaintiff's face and using force against him. Defendant Beeler denied the inmate appeal at the first level of review and Defendant Adams denied the appeal at the second level of review. Plaintiff's claim against them arises from their findings that Plaintiff's position that he was the victim of excessive force and sustained injuries was unfounded.

"Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). Plaintiff's disagreement with the denial of his appeal by Defendants Beeler and Adams provides no basis upon which to impose liability under section 1983. The Court recommends dismissal of this claim, with prejudice.

///

6

Plaintiff also alleges a claim for violation of his First Amendment rights arising from problems he encountered trying to pursue his appeal of the disciplinary proceedings, and a claim for denial of access to the courts following dismissal of his petition for writ of habeas corpus for failure to exhaust.

The existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.2d 641, 647 (7th Cir. 2001). Delays in processing grievances and other problems encountered in the grievance process do not support a claim that Plaintiff's First Amendment rights were violated.

Interference with a prisoner's ability to exhaust an inmate appeal may, in some circumstances, support a claim for denial of access to the courts. However, such a claim will accrue only if and when a prisoner suffers an actual injury as a result of being unable exhaust and that injury is caused by misconduct on the part of a defendant. Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179, 2187 (2002) (an actual injury required).

In this instance, Plaintiff attempted to seek restoration of the time credits he lost in the disciplinary proceedings by filing a habeas petition. The habeas petition was dismissed on December 19, 2006, as untimely and for failure to exhaust. (3rd Amend. Comp., Ex. L, court record pg. 113.) Assuming the dismissal of Plaintiff's habeas petition gives rise to a claim of denial of access to the courts, the claim accrued when the petition was dismissed on December 19, 2006.[2]

Plaintiff filed this action on June 15, 2006. Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion must occur *prior* to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter

---

[2] It does not appear that Plaintiff's access claim would be barred by the habeas exception because a finding that Defendants prevented him from exhausting and he suffered a dismissal of his petition as a direct result would not necessarily imply the unlawfulness of his time credit loss. Wilkinson, 544 U.S. at 81-2, 125 S.Ct. at 1248.

7

v. Nussle, 435 U.S. 516, 532 (2002), and "[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth v. Churner, 532 U.S. 731, 739 n.5 (2001)). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth, 532 U.S. at 741.

In light of section 1997e(a), Plaintiff may not pursue an access to the courts claim in this action where that claim accrued after this suit was filed. In a "conflict between Federal Rule of Civil Procedure 15 and the PLRA, the rule would have to yield to the later-enacted statute to the extent of the conflict." Harris v. Garner, 216 F.3d 970, 982 (11th Cir. 2000). Rule 15 "does not and cannot overrule a substantive requirement or restriction contained in a statute (especially a subsequently enacted one)." Id. at 983; see also Cox v. Mayer, 332 F.3d 422, 428 (6th Cir. 2003) (citing Harris for this proposition with favor). All claims at issue in this action must have been exhausted by June 15, 2006. Therefore, the Court recommends dismissal of the claim without prejudice.[3]

### E.   Claim for Injunctive Relief

In addition to money damages, Plaintiff is seeking an injunction prohibiting retaliation against him and his witnesses.

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). "Abstract injury is not enough." Lyons, 461 U.S. at 101, 103 S.Ct. at 1665. "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (internal quotations and citations omitted).

///

---

[3] The Court takes judicial notice that the claim was not pled in the complaint filed in case number 1:07-cv-01538-LJO-WMW Jeffery v. Adams, et al., which was consolidated with this case.

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

The only claim cognizable in this action arises from conduct which occurred on December 4, 2003. That past event does not provide a jurisdictional basis upon which any injunction may be issued, let alone one that does not remedy the claim before the Court. Therefore, the Court recommends dismissal of the claim for injunctive relief.

### V.     Conclusion and Recommendation

Plaintiff's third amended complaint states a cognizable excessive force claim against Defendants Wright and Cantu, but does not state any other claims upon which relief may be granted under section 1983. Plaintiff was previously given leave to amend to cure the deficiencies in his mental health care claim but has been unable to do so. The other claims are not capable of being cured. Therefore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's third amended complaint, filed March 25, 2008, against Defendants Wright and Cantu for use of excessive force;
2. Plaintiff's excessive force claim against Defendant Martinez be dismissed, with prejudice, for failure to state a claim;
3. Plaintiff's mental health care claim against Defendants Edger, Shaw, and Martinez be dismissed, with prejudice, for failure to state a claim;
4. Plaintiff's Eighth Amendment claim arising from the issuance of the rules violation and disciplinary proceedings be dismissed, with prejudice, for failure to state a claim;
5. Plaintiff's First Amendment and other claims, if any, arising from the inmate appeals process be dismissed, with prejudice for failure to state a claim;

///

6. Plaintiff's denial of access to the courts claim arising from the dismissal of his habeas petition for failure to exhaust be dismissed, without prejudice;

7. Plaintiff's claim for injunctive relief be dismissed; and

8. Defendants Edger, Shaw, Martinez, Hall, Adams, Grannis, Aguilera-Marrero, Smith, Hill, Rivera, Beeler, and Prud'homme be dismissed based on Plaintiff's failure to state any claims against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 21, 2008**                    /s/ Sandra M. Snyder
                                           UNITED STATES MAGISTRATE JUDGE