# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD JEFFERY,<br><br>    Plaintiff,<br><br>    v.<br><br>M. T. A. BENNGE, et al.,<br><br>    Defendants. | CASE NO. 1:06-cv-00752-OWW-SMS PC<br><br>ORDER DENYING MOTION FOR OPENING OF DISCOVERY AS MOOT, DENYING MOTION FOR LAW LIBRARY ACCESS, AND DENYING MOTION FOR ISSUANCE OF SUBPOENAS<br><br>(Doc. 38) |

Plaintiff Donald Jeffery ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's third amended complaint, filed March 25, 2008, against Defendants Wright and Cantu for use of excessive force, in violation of the Eighth Amendment. On September 18, 2008, Plaintiff filed a motion in which he seeks an order opening discovery, an order mandating he be provided with law library access, and the issuance of subpoenas duces tecum directed to non-party James A. Tilton.

As Plaintiff was notified via the First Informational Order, an order opening discovery is issued once an answer is filed. (Doc. 14, ¶8.) In this case, Defendants did not file an answer until September 19, 2008. Plaintiff's motion was prematurely filed, but is moot in any event in light of the issuance of the discovery and scheduling order on October 2, 2008.

The pendency of this action does not provide a basis for Plaintiff to obtain a court order directing he be provided with law library access. The Court has jurisdiction over the parties and claims in this action. Jurisdiction does not extend to the issuance of orders that will not remedy the

///

claims at issue in this action. City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).

Subject to certain requirements set forth herein, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents from non-parties, and to service of the subpoena by the United States Marshal. Fed. R. Civ. P. 45; 28 U.S.C. 1915(d). However, the Court will consider granting such a request *only if* the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendants through a request for production of documents. Fed. R. Civ. P. 34. If Plaintiff wishes to make a request for the issuance of a records subpoena, he may file a motion requesting the issuance of a subpoena duces tecum that (1) identifies with specificity the documents sought and from whom, and (2) makes a showing in the motion that the records are only obtainable through that third party.

In this instance, discovery just opened on October 2, 2008, making it impossible for Plaintiff to have already sought the documents directly from Defendants. Plaintiff's motion for subpoenas shall be denied. Plaintiff may renew his motion only if he is unsuccessful in obtaining the documents directly from Defendants in compliance with Rule 34 and the Court's discovery order.[1]

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for an order opening discovery is DENIED as moot;
2. Plaintiff's motion for an order mandating law library access is DENIED; and
3. Plaintiff's motion for the issuance and service of subpoenas duces tecum on non-party James A. Tilton is DENIED as premature, without prejudice.

IT IS SO ORDERED.

**Dated:   October 10, 2008**          /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] If Defendants object to Plaintiff's document production request, a motion to compel is the next required step. If the Court rules that the documents are discoverable but Defendants do not have care, custody, and control of them, Plaintiff may then seek a records subpoena. If the Court rules that the documents are not discoverable, the inquiry ends.