# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD JEFFERY, | CASE NO. 1:06-cv-00752-SMS PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, WITH PREJUDICE |
| v. | |
| M. T. A. BENNGE, et al., | (Doc. 88) |
| Defendants. | |

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Donald Jeffery, a state prisoner proceeding pro se and in forma pauperis. Plaintiff filed this action on June 15, 2006, and it is proceeding on Plaintiff's third amended complaint against Defendants Cantu and Knight for use of excessive force, in violation of the Eighth Amendment. On December 16, 2009, Plaintiff filed a motion seeking reconsideration of the Court's order denying his motion for leave to file a fourth amended complaint.

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist

///

1

which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

The Court carefully considered Plaintiff's motion seeking leave to file a fourth amended complaint and issued a detailed order supporting its decision to deny Plaintiff's motion. Plaintiff simply disagrees with the Court's decision, which is not a ground for seeking reconsideration. Plaintiff's contentions of bias are utterly without merit and are based purely on his disagreement with the Court's rulings. Pesnell v. Arsenault, 543 F.3d 1038 (9th Cir. 2008). Further, this is a consent case and Plaintiff's request for reconsideration by a United States District Judge is denied. 28 U.S.C. § 636(c).

Plaintiff's motion for reconsideration, filed December 13, 2009, is HEREBY ORDERED DENIED, with prejudice.[1]

IT IS SO ORDERED.

**Dated:   February 4, 2010**            **/s/ Sandra M. Snyder**
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] With respect to Plaintiff's statement that he will appeal if his motion is denied and he is not allowed to amend, the order at issue is not final for the purpose of appeal. Fed. R. Civ. P. 54(b). While Plaintiff may proceed as he believes proper and/or necessary, including by filing a notice of appeal, Plaintiff is placed on notice that the Court is not divested of jurisdiction by a notice of appeal relating to a non-appealable interlocutory order, Nascimento v. Dummer, 508 F.3d 905, 908 (9th Cir. 2007), and this action will continue to proceed pursuant to the amended scheduling order set forth in the order denying Plaintiff's motion to compel, issued concurrently with this order.