**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD JEFFERY, | CASE NO. 1:06-cv-00752-SMS PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS, AND AMENDING SCHEDULING ORDER |
| v. | |
| M. T. A. BENNGE, et al., | (Doc. 81) |
| Defendants. | Amended Discovery Deadline: 06/17/2010 |
| | Amended Pretrial Dispositive Motion Deadline: 09/17/2010 |
| _____/ | |

**Order on Motion to Compel**

**I.   Plaintiff's Motion to Compel**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Donald Jeffery, a state prisoner proceeding pro se and in forma pauperis. Plaintiff filed this action on June 15, 2006, and it is proceeding on Plaintiff's third amended complaint against Defendants Cantu and Knight for use of excessive force, in violation of the Eighth Amendment. On October 13, 2009, Plaintiff filed a motion seeking to compel responses to his requests for the production of documents, and for sanctions. Defendants filed an opposition on October 28, 2009, and Plaintiff filed a reply on November 16, 2009.

The discovery phase of this litigation commenced on October 2, 2008. (Doc. 39.) Therefore, any discovery requests served prior to that date are invalid and the Court declines to further address Plaintiff's complaints that his discovery requests served prior to October 2, 2008, received no

response. (Doc. 81, Motion to Compel, Ex. G.) Properly at issue are Plaintiff's requests for the production of documents, sets one and two, dated September 1, 2009, and September 8, 2009. (Id., Exs. C & D, court record pp. 26-28, 34-37.)

### A. Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). For document production requests, responding parties must produce documents which are in their "possession, custody or control." Fed. R. Civ. P. 34(a)(1).

If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified. Ordinarily, Plaintiff must inform the Court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendants' objections are not justified.

### B. Request for Production of Documents, Set One

**POD 1:** Plaintiff seeks all records and documents generated in connection with the subject matter of this lawsuit from December 3, 2003, to present.

**Ruling:** Plaintiff's motion to compel is denied. This request is exceedingly overbroad and vague, and is not drafted to seek only relevant information.

**POD 2:** Plaintiff seeks a copy of his third amended complaint and Defendants' answer.

**Ruling:** Plaintiff's motion to compel is denied. Plaintiff is responsible for keeping copies of documents filed in this action, and has made no showing that would justify ordering Defendants to provide copies of filings in this action.

**POD 3:** Plaintiff seeks copies of all inmate appeals, citizens' complaints, and lawsuits filed by inmates in which assaults or batteries by Defendants Knight and Cantu, and Sergeant Martinez are alleged, and Plaintiff seeks the locations of all such complaining inmates and witnesses.

**Ruling:** Plaintiff's motion to compel is denied. This request is exceedingly overbroad. It is not limited by time period or to factual situations similar to that alleged by Plaintiff. Further,

Plaintiff has made no showing of relevancy or offer of proof as to how this information would be used.  Finally, Plaintiff is entitled to seek relevant, discoverable documents in existence.  Under no circumstance may Plaintiff seek to have Defendants create documents for him, such as his request for a list of witness locations.

**PODs 4, 5, and 8:** Plaintiff seeks a variety of personal information on Edger, Shaw, and the individuals listed on his witness list (correct spelling of names, status and standing with CDCR for Edger and Shaw, current and/or last known addresses, telephone numbers, and other information).  (Doc. 81, Motion to Compel, court record p. 30.)

**Ruling:** Plaintiff's motion to compel is denied.  As to Edger and Shaw, this action is not proceeding on any claims against Edger or Shaw, and Plaintiff has not made any showing of relevance as to this information.  With respect to the other witnesses, Plaintiff must show relevance, which he has not done, and he is not seeking the production of any specific documents.  Rather, Plaintiff is seeking information in response to his questions, an inquiry not appropriately made in a document production request.  Defendants may not be compelled to conduct an investigation on Plaintiff's behalf and provide him with information not already set forth in a specific, existing document.

**POD 6:** Plaintiff seeks all medical reports and records, including but not limited to x-rays and prescriptions, relating to injuries to Defendant Knight from the date of the incident (December 4, 2003) to present.

**Ruling:** Plaintiff's motion to compel is denied.  Plaintiff's request for Defendant's medical records in total for the past five years is overly broad and not limited to obtaining information relevant to Plaintiff's claims.

**POD 7:** Plaintiff seeks a list/cell roster showing the full names, CDCR numbers, and cells of all inmates housed at CSATF, D Facility, Building 3, on the date of the incident (December 4, 2003), and the current locations and full contact information for the inmates.

**Ruling:** Plaintiff's motion to compel is denied.  Plaintiff's request must be narrowed to documents which exist.  Given Plaintiff's familiarity with prison procedures, he should be aware of what types of movement sheets or log books are kept which document inmates' names and locations

for a particular building on a given date. Plaintiff should rephrase his request to net such information. Further, and again, Plaintiff may only seek documents which exist. It is highly unlikely that there is a responsive document setting forth the names of those inmates housed in Plaintiff's building on December 4, 2003, but listing their current addresses. If no such document exists, Defendants may not be compelled to produce it.

**POD 9:** Plaintiff seeks all inmate appeals and complaints against former Defendant Edger.

**Ruling:** Plaintiff's motion to compel is denied. Plaintiff is not proceeding in this action against Edger, and had made no showing that this information is relevant.

### C. Request for Production of Documents, Set Two

**POD 1:** Plaintiff seeks copies of all CDCR policies and procedures in effect on December 5, 2003, which related to the evaluation and care of CCCMS inmates who were suicidal.

**Ruling:** Plaintiff's motion to compel is denied. This action is not proceeding on a claim arising from Plaintiff's medical or mental health care, and Plaintiff has made no showing that this information is relevant.

**POD 2:** Plaintiff seeks copies of all CDCR policies and procedures in effect on December 5, 2003, which were applicable to medical and custody staff and which related to the handling of situations in which an inmate stated he was suicidal or planned to harm himself, including training received.

**Ruling:** Plaintiff's motion to compel is denied. This action is not proceeding on a claim arising from Plaintiff's medical or mental health care, and Plaintiff has made no showing that this information is relevant.

**POD 3:** Copies of lawsuits relating to mental health care, including court orders directing CDCR and the Governor to fix or improve the mental health care delivery system in CDCR prisons.

**Ruling:** Plaintiff's motion to compel is denied. This action is not proceeding on a claim arising from Plaintiff's medical or mental health care, and Plaintiff has made no showing that this information is relevant.

**POD 4:** Copies of documents and books relating to CDCR institutional staff training provided to custody and medical staff at CSTAF on the mental health care of inmates, including

training provided to Bennge, Shaw, and Martinez from January 2003 to present.

**Ruling:** Plaintiff's motion to compel is denied. This action is not proceeding on a claim arising from Plaintiff's medical or mental health care, and Plaintiff has made no showing that this information is relevant.

**POD 5:** Copies of Plaintiff's mental health evaluations conducted after the incident, including doctor's and psychiatrist's reports.

**Ruling:** Plaintiff's motion to compel is denied. This action is not proceeding on a claim arising from Plaintiff's medical or mental health care, and Plaintiff has made no showing that this information is relevant.

### III. Conclusion and Order

Plaintiff's motion to compel is denied in its entirety for the reasons set forth herein. In light of the denial of the motion, there is no basis for the imposition of sanctions. Fed. R. Civ. P. 37. The Court sua sponte extends the deadlines for the completion of all discovery and for filing pretrial dispositive motions to allow Plaintiff to conduct one further round of discovery in light of the information and admonitions set forth in this order.

The discovery deadline shall be extended to June 17, 2010, which is more than adequate to allow Plaintiff additional time to draft new discovery requests and file a motion to compel if necessary. Plaintiff is cautioned that Defendants have forty-five days within which to respond to a properly served discovery request. Therefore, Plaintiff must draft and serve his discovery requests sufficiently in advance of June 17, 2010, to ensure that Defendants have forty-five days to respond and Plaintiff has time to file a motion to compel, if necessary.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel and for sanctions, filed October 13, 2009, is DENIED;
2. The deadline for the completion of all discovery, including filing motions to compel, is extended to June 17, 2010; and

///

///

///

3. The deadline for filing pretrial dispositive motions is extended to September 17, 2010.

IT IS SO ORDERED.

**Dated:     February 4, 2010**                             /s/ Sandra M. Snyder
                                                            UNITED STATES MAGISTRATE JUDGE