# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD JEFFERY, | CASE NO. 1:06-cv-00752-GBC (PC) |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION (Doc. 113) |
| v. | |
| BENNGE, et al., | ORDER STRIKING PLAINTIFF'S SURREPLIES |
| Defendants. | (Docs. 112, 114) |

Plaintiff Donald Jeffery ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 15, 2006, and it is proceeding on Plaintiff's third amended complaint against Defendants Cantu and Knight for use of excessive force, in violation of the Eighth Amendment. September 16, 2010, Defendants filed a motion for summary judgment. (Doc. 100). Plaintiff filed his opposition and "Statement of Disputed Factual Issues" on December 9, 2010. (Docs. 107, 108). Defendants filed their reply on January 31, 2011. (Doc. 111). On February 25, 2011, Plaintiff filed a surreply. (Doc 112). On March 8, 2011, Plaintiff motioned the Court to strike the surreply filed on February 25, 2011, and sought permission from the Court to file a surreply. (Doc. 113). On July 8, 2011, Plaintiff filed a renewed surreply. (Doc. 114).

Plaintiff does not have a right to file a surreply under the Local Rules or the Federal Rules

of Civil Procedure.[1]  Therefore, Plaintiff's motion is GRANTED IN PART to the extent that Plaintiff's request to strike the first surreply filed on February 25, 2011, is granted. (Doc. 113). However, Plaintiff's motion is DENIED IN PART to the extent that Plaintiff's request permission from the Court to file a new surreply. Accordingly, Plaintiff's first and second surreplies filed on February 25, 2011, and July 8, 2011, are ORDERED STRICKEN from the record. (Docs. 112, 114).

IT IS SO ORDERED.

Dated:  July 13, 2011

UNITED STATES MAGISTRATE JUDGE

---

[1] Moreover Plaintiff's surreply does not add any new arguments. Plaintiff is attempting to raise again arguments that the rules violation should be overturned. The arguments were raised in his Third Amended Complaint and were screened out. (Doc. 26 at 8, Third Amended Complaint; Doc. 28 at 5-6, findings and recommendations screening out claims regarding falsifying records relating to a rule violation; Doc 30, order adopting findings and recommendations). As pointed out in the Court's screening order, Plaintiff's remedy to challenge the rules violation is through habeas, not in this instant § 1983 action.