UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD JEFFERY, | CASE NO. 1:06-cv-00752-GBC (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DIRECTING CLERK TO CLOSE THE CASE |
| v. | |
| BENNGE, et al., | (Doc. 100) |
| Defendants. | |

I. **Procedural History**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Donald Jeffery, a state prisoner proceeding pro se and in forma pauperis. Plaintiff filed this action on June 15, 2006, and this action is proceeding on Plaintiff's third amended complaint against Defendants Cantu and Knight for use of excessive force, in violation of the Eighth Amendment. On September 16, 2010, Defendants filed a motion for summary judgment. (Doc. 100). After being granted an extension, Plaintiff filed his opposition and "Statement of Disputed Factual Issues" on December 9, 2010. (Docs. 107, 108). After being granted an extension, Defendants filed their reply on January 31, 2011. (Doc. 111). The motion is deemed submitted.

II. **Summary Judgment Standard**

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party:

1

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id*. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

The parties bear the burden of supporting their motions and oppositions with the papers they wish the Court to consider and/or by specifically referencing any other portions of the record they

wish the Court to consider. *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). The Court will not mine the record for triable issues of fact. *Id.*

### III. Eighth Amendment Excessive Force

#### A. Factual Background

Plaintiff is mentally ill and a participant in the Correctional Clinical Case Management System level of care. (Doc. 26, Third Amended Complaint; Deposition at p. 17-18). At all times relevant to the case, Defendants Cantu and Knight were correctional officers assigned at the California Substance Abuse Treatment Facility. (Doc 100-1 at 1, Def. Undisputed Facts). The events subject to this action occurred on December 5, 2003, while Plaintiff was housed at the California Substance Abuse Treatment Facility in Corcoran California. (Doc. 26; Doc. 100-1, Def. Ex. B). Plaintiff was issued a rules violation for battery of an officer for kneeing officer Knight in the groin on December 5, 2003. (Doc. 26 at 8-9; Doc. 100-1, Def. Ex. B, C & D). Plaintiff lost 150 days of good time credits as a result of the disciplinary finding and the disciplinary decision has not been invalidated. (Doc. 26 at 8-9; Doc. 100-1, Def. Ex. B, C & D).

#### B. Plaintiff's Allegations in Amended Complaint

In Plaintiff's Third Amended Complaint, Plaintiff alleged that on December 4, 2003, he went to the medical clinic to inform staff that he was suicidal.[1] (Doc. 26 at 4). According to Plaintiff, a medical technical assistant by the name of Edgar, slammed the office window shut in Plaintiff's face. (Doc. 26 at 4). Plaintiff then tried to seek assistance from J. Martinez, who sent him back to the medical clinic. (Doc. 26 at 4). Edger and Shaw again shut the window in Plaintiff's face, denying him access to a psychiatrist. (Doc. 26 at 4). Defendants Knight and Cantu escorted Plaintiff to his cell while handcuffed. (Doc. 26 at 4-6). According to Plaintiff, while Plaintiff was still handcuffed

---

[1] Plaintiff alleged in his Third Amended Complaint that the events subject to this action occurred on December 4, 2003, however, Defendants' exhibits demonstrate that the date was December 5, 2003. Doc. 100-1, Def. Ex. B).

3

and without provocation, Defendants Cantu and Knight slammed Plaintiff into the concrete which "bust[ed] his lip," knocked one tooth loose and chipped another tooth. (Doc. 26 at 4-7).[2]

### C.  Defendants' Motion for Summary Judgment

Defendants assert that the *Edwards v. Balisok* line of cases bars Plaintiff's excessive force claim since a finding of excessive force would necessitate invalidating the prison's disciplinary finding of Plaintiff's guilt for battery on a peace officer. (Doc. 100 at 5-7, Def. Mot. Sum. Judgment). Defendants assert that Plaintiff's excessive force claim arises from the exact same incident that resulted in the disciplinary action. (Doc. 100 at 6, Def. Mot. Sum. Judgment; Doc. 100-1, Def. Ex. B & Def. Ex. C). Defendants argue that contrary to Plaintiff's assertion that he was a passive victim while Defendants Cantu and Knight slammed him to the concrete floor, in fact, Plaintiff kneed Knight in the groin. (Doc. 100 at 6, Def. MSJ; Doc. 100-1, Def. Ex. B & Def. Ex. C). Finally, Defendants assert that there is no evidence to demonstrate that Plaintiff sought to invalidate the finding of guilt or invalidate the sentence through filing a writ of habeas corpus prior to filing this action. (Doc. 100 at 6-7, Def. MSJ; Doc. 100-1, Def. Ex. D).

### D.  Plaintiff's Opposition[3]

Plaintiff argues that there remains disputed issues of material facts and that the issue is really whether the level of force used was applied in a good faith effort to maintain or restore discipline rather than for a malicious and sadistic purpose to cause harm to Plaintiff. (Doc. 107 at 3, Pltf's Opposition). Plaintiff asserts that the central dispute is whether he was completely compliant and not resistant during the events during which excessive force allegedly occurred. (Doc. 107 at 3). In response to Defendants' argument that Plaintiff's excessive force claim is barred, Plaintiff asserts

---

[2] Plaintiff also alleged that there was a "conspiracy" to cover up the excessive force incident through issuing a false rules violation report (CDC-115) against Plaintiff. (Doc. 26 at 8). However, the Court previously determined that Plaintiff failed to raise a cognizable claim regarding that allegation. (Doc. 26 at 8, Third Amended Complaint; Doc. 28 at 5-6, findings and recommendations screening out claims regarding falsifying records relating to a rule violation; Doc 30, order adopting findings and recommendations).

[3] The Court will summarize Plaintiff's Opposition to the extent that such summary provides new information or argument.

that his due process rights were violated and that the guilty finding was expunged. (Doc. 107 at 4-5, 7-8 (Pltf's Exhibit A)). Plaintiff submits a prison appellate response dated December 21, 2004, that found that Plaintiff's due process rights were violated because Plaintiff should have had a staff assistant at his hearing. (Doc. 107 at 7-8 (Pltf's Exhibit A)). To correct the due process violation, the prison appeals ordered a rehearing to allow a staff assistant to be present with Plaintiff. (Doc. 107 at 7-8 (Pltf's Exhibit A)).

### E. Defendants' Reply[4]

Defendants observe that Plaintiff failed to present any evidence that the finding of guilt and the loss of good time credits was reversed. (Doc. 111 at 1, Def. Reply). Defendants also assert that Plaintiff's Exhibit A that was attached to his opposition was unauthenticated and is inadmissible. (Doc. 111 at 1-2). Defendants highlight that in Plaintiff's opposition, Plaintiff does not dispute that he was found guilty of battery on a peace officer, nor does he dispute that he lost 150 days good time credits. (Doc. 111 at 2). Although Defendants concede that Plaintiff's appeal was granted to the extent that he needed a staff assistant present during the hearing, Plaintiff's conviction of battery on a peace officer and loss of 150 days good time credits has not been invalidated. (Doc. 111 at 3).

### F. Analysis

In *Edwards v. Balisok*, 520 U.S. 641, the United States Supreme Court extended the doctrine articulated in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), to prison disciplinary hearings. In *Heck*, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under § 1983 if a judgment in favor of plaintiff would necessarily

---

[4] The Court will summarize Defendants' Reply to the extent that such summary provides new information or argument.

5

imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. *Heck*, 512 U.S. at 487. In applying this principle to the facts of *Edwards v. Balisok*, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing. *Edwards v. Balisok*, 520 U.S. at 648. "*Heck*, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir.1996).

      In this action, Defendants submitted evidence of the rules violation and disciplinary decision demonstrating that the disciplinary conviction and Plaintiff's excessive force claim arises from the same incident. Plaintiff merely reasserts allegations in his complaint that he never kneed Knight in the groin and that Plaintiff was completely compliant. However, Plaintiff admits in his complaint and in the deposition that after the disciplinary hearing, Plaintiff was found guilty of the disciplinary violation and lost 150 days of good time credits. Plaintiff has set forth no evidence demonstrating that the disciplinary hearing conviction has been previously invalidated and that his 150 days good time credits have been restored. A finding in Plaintiff's favor would necessarily imply the invalidity of the result of the disciplinary hearing. Thus, the court finds that Defendants Knight and Cantu are entitled to judgment as a matter of law. *See Edwards v. Balisok*, 520 U.S. at 648; *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir.1996); *see also Walker v. Fresno Police Dept.*, 249 Fed.Appx. 525, 526 (9th Cir. 2007) (unpublished); *Ra El v. Crain*, 399 Fed.Appx. 180, 182 (9th Cir. 2010) (unpublished).

## VI. Conclusion

Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Plaintiff has the burden of showing that his underlying disciplinary conviction was reversed in order to proceed with his excessive force claim. Because Plaintiff has failed to make such a showing, Defendants are entitled to summary judgment. *Celotex*, 477 U.S. at 323.

For the reasons set forth herein, it is HEREBY ORDERED that:

1. Defendants' Motion for Summary Judgment (Doc. 100), filed September 16, 2010, by Defendants Knight and Cantu is GRANTED;
2. the Clerk of the Court enter judgment for Defendants Knight and Cantu and against Plaintiff; and
3. the Clerk of the Court close the case.

IT IS SO ORDERED.

Dated:     July 13, 2011

UNITED STATES MAGISTRATE JUDGE