# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD JEFFERY, | CASE NO. 1:06-cv-00752-GBC (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF THE COURT TO CLOSE THIS CASE WITH PREJUDICE PURSUANT TO NOTICE OF VOLUNTARY DISMISSAL |
| v. | |
| BENNGE, et al., | (Doc. 131) |
| Defendants. | ORDER TO SEAL, IN PART, CONFIDENTIAL DOCUMENT SUBMITTED IN ERROR |
| | (Doc. 131) |

## I.  Procedural History

On August 20, 2012, the parties filed a stipulation of voluntary dismissal with prejudice of this matter pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). Doc. 131. However, inadvertently attached to the stipulation was the parties' confidential settlement agreement. Doc. 131 at 3-6.

## II.  Rule 5.2(d) Filing Under Seal

Rule 5.2(d) of the Federal Rules of Civil Procedure Provides that "The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the

person who made the filing to file a redacted version for the public record." Fed. R. Civ. Pro. 5.2(d). Given that the parties inadvertently submitted the confidential settlement agreement, the Court orders that the stipulation filed on July 27, 2012, be filed, in part, under seal. Doc. 131.

### III.    Voluntary Dismissal

Rule 41(a)(1)(A) provides that, "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Rule 41(a)(1)(A)(ii) thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared. *Carter v. Beverly Hills Sav. & Loan Asso.*, 884 F.2d 1186, 1191 (9th Cir. 1989). Once the stipulation between the parties who have appeared is properly filed, no order of the court is necessary to effectuate dismissal. Fed. R. Civ. Pro. 41(a)(1)(ii). "'[C]aselaw concerning stipulated dismissals under Rule 41(a)(1)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval.'" *In re Wolf*, 842 F.2d 464, 466 (D.C. Cir. 1989) (quoting *Gardiner v. A.H. Robins Co., Inc.*, 747 F.2d 1180, 1189 (8th Cir. 1984)); *see also Gambale v. Deutsche Bank AG*, 377 F.3d 133, 139 (2d Cir. 2004); *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). "The plaintiff may dismiss either some or all of the defendants-or some or all of his claims-through a Rule 41(a)(1) notice." *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995). The dismissal "automatically terminates the action as to the defendants who are the subjects of the notice." *Wilson*, 111 F.3d at 692.

Because the parties have filed a stipulation for dismissal of this case with prejudice under Rule 41(a)(1)(A)(ii) that is signed by all parties who have made an appearance, this case has terminated. *See* Fed. R. Civ. Pro. 41(a)(1)(A)(ii); *In re Wolf*, 842 F.2d at 466; *Gardiner*, 747 F.2d at 1189; *see also Gambale*, 377 F.3d at 139; *Commercial Space Mgmt*, 193 F.3d at 1077; *Wilson*, 111 F.3d at 692.

### IV. Conclusion and Order

Therefore, IT IS HEREBY ORDERED that:

1. That the stipulation filed on July 27, 2012, be filed, in part, under seal as follows: the third, fourth, fifth and sixth pages of the document filed on July 27, 2012, which contains the confidential settlement agreement be filed under seal; and
2. the Clerk is ordered to close this case in light of the filed and properly signed Rule 41(a)(1)(A)(ii) stipulation of dismissal with prejudice.

IT IS SO ORDERED.

Dated:   August 21, 2012

UNITED STATES MAGISTRATE JUDGE